IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>FRESENIUS MEDICAL CARE HOLDINGS, INC. and FRESENIUS USA, INC.,<br><br>　　　　　Defendants. | Civil Action No. 08CV2389<br><br>Hon. Blanche M. Manning<br><br>Jury Trial Demanded |

**DEFENDANTS' RULE 12(f) MOTION TO STRIKE
AN IMPROPER ALLEGATION FROM PLAINTIFFS' COMPLAINT**

Defendants Fresenius Medical Care Holdings, Inc. and Fresenius USA, Inc. (collectively, "Fresenius" or "Defendants"), by their attorneys, hereby respectfully submit their Rule 12(f) Motion to Strike An Improper Allegation from Plaintiffs' Complaint. In support of this motion, Defendants state as follows.

1.　　On April 28, 2008, Plaintiffs Baxter International, Inc and Baxter Healthcare Corporation (collectively, "Plaintiffs" or "Baxter") filed a four count complaint against Defendants ("Complaint"), which initiated this action before the Court.

2.　　An allegation in Paragraph 11 of Baxter's Complaint should be stricken because the allegation is immaterial and objectionable because it concerns information protected by the attorney-client privilege and work-product doctrine.

3.　　Paragraph 11 appears as follows, with the objectionable sentence emphasized:

　　11.　　Moreover, Fresenius was well aware of these patent applications and the subsequent issuance of each of the patents-in-suit. In fact, Baxter placed Fresenius on notice of its infringing activities many years ago by sending a letter to Fresenius' in-house counsel and its Co-CEO, advising it of the patent application numbers that Fresenius' 2008K machine would infringe. (*See* Exhibit

1

    B). *Since that time attorneys at Fish & Richardson P.C., Fresenius' outside patent counsel, have been monitoring those applications and advising Fresenius of their status.* In October 2007, Baxter again brought this issue to Fresenius' patent counsel informing him the patents-in-suit would soon issue.

4.    The portion of that allegation which states "have been monitoring those applications and advising Fresenius of their status" is immaterial to the current litigation and would require Defendants to disclose privileged attorney-client communications and protected attorney-work product. If Defendants either admit or deny that allegation, such response necessarily constitutes a disclosure of privileged and/or protected information and possibly a waiver of related privileged and/or protected information.

5.    Where a complaint's allegation is objectionable, it is appropriate for the responding party to file a motion to strike under Federal Rule of Civil Procedure 12(f). *See, e.g., S.E.C. v. Thomas*, 116 F.R.D. 230, 232 (D. Utah 1987).

6.    Because the referenced allegation in Paragraph 11 is objectionable as described above, the Court should strike it from Plaintiffs' Complaint.

7.    If Defendants are forced to respond to the allegation at issue, they will be unduly prejudiced by the potential involuntary waiver of privilege and/or protection.

**WHEREFORE**, Defendants respectfully request that the Court enter an order striking the improper and immaterial allegation contained in Paragraph 11 of the Complaint.

Dated:    July 10, 2008                    Respectfully submitted,

                                            By:    /s Eric A. Sacks
                                                      One of Their Attorneys

                                        Juanita Brooks
                                        *(admitted pro hac vice)*
                                        Albert R. Ubieta
                                        *(admitted pro hac vice)*
                                        FISH & RICHARDSON P.C.
                                        12390 El Camino Real

San Diego, CA  92130
(858) 678-5070

Thomas M. Melsheimer
*(admitted pro hac vice)*
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX  75201
(214) 747-5070

Michael E. Florey
*(admitted pro hac vice)*
FISH & RICHARDSON P.C.
60 South Sixth Street
Minneapolis, MN  55402
(612) 335-5070

Jerold S. Solovy
Eric A. Sacks
Terrence J. Truax
Andrew W. Vail
JENNER & BLOCK LLP
330 N. Wabash Ave.
Chicago, Illinois 60611
(312) 222-9350

Attorneys for Defendants
Fresenius Medical Care Holdings, Inc. and
Fresenius USA, Inc.

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 10, 2008 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Fed. R. Civ. P. 5(b)(3).  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.


Dated: July 10, 2008         Respectfully submitted,


                    By:   /s Andrew W. Vail
                         One of Their Attorneys

                    Juanita Brooks
                    *(admitted pro hac vice)*
                    Albert R. Ubieta
                    *(admitted pro hac vice)*
                    FISH & RICHARDSON P.C.
                    12390 El Camino Real
                    San Diego, CA  92130
                    (858) 678-5070

                    Thomas M. Melsheimer
                    *(admitted pro hac vice)*
                    FISH & RICHARDSON P.C.
                    1717 Main Street, Suite 5000
                    Dallas, TX  75201
                    (214) 747-5070

                    Michael E. Florey
                    *(admitted pro hac vice)*
                    FISH & RICHARDSON P.C.
                    60 South Sixth Street
                    Minneapolis, MN  55402
                    (612) 335-5070

                    Jerold S. Solovy
                    Eric A. Sacks
                    Terrence J. Truax
                    Andrew W. Vail
                    JENNER & BLOCK LLP
                    330 N. Wabash Ave.

Chicago, Illinois 60611
(312) 222-9350

Attorneys for Defendants
Fresenius Medical Care Holdings, Inc. and
Fresenius USA, Inc.

5

1673477.1