## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BAXTER INTERNATIONAL, INC. and BAXTER HEALTHCARE CORPORATION, | ) ) ) | |
| Plaintiffs, | ) | Civil Action No. 08-cv-2389 |
| | ) | |
| v. | ) | Judge Blanche M. Manning |
| | ) | |
| FRESENIUS MEDICAL CARE HOLDINGS, INC. and FRESENIUS USA, INC., | ) ) ) | Magistrate Judge Martin C. Ashman  Jury Trial Demanded |
| | ) | |
| Defendants. | ) ) ) | |

## JOINT STATUS REPORT

Pursuant to Fed. R. Civ. P. 26(f), attorneys for Plaintiffs Baxter International, Inc. and

Baxter Healthcare Corporation (collectively "Baxter") and Defendants Fresenius Medical Care

Holdings, Inc. and Fresenius USA, Inc. ("Fresenius") conferred on July 29, 2008, August 5, 6 and

12, 2008, and by e-mail, including on August 6, 11, and 12, 2008, and hereby submit the following

Joint Status Report.

**I.      Nature of the Case.**

A.      Federal Jurisdiction.  The Complaint is for patent infringement under the patent

laws of the United States, Title 35 of the United States Code.  This Court has original jurisdiction

over the subject matter of this Complaint under 28 U.S.C. § 1331 and 1338(a).    Fresenius'

Counterclaims are for a declaration of non-infringement, invalidity, and unenforceability of the

four patents asserted by Baxter in its Complaint.  The Court has jurisdiction over the subject matter

of Fresenius' Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

      B.      Nature of the Claims.  Plaintiffs contend that they own U.S. Patent Nos. 7,264,730 ('730 Patent), 7,303,680 ('680 Patent), 7,318,892 ('892 Patent), and 7,351,340 ('340 Patent). Plaintiffs contend that Defendants have infringed the '730, '680, '892, and '340 Patents and further contend that Defendants' conduct has been willful.  Defendants contend that the patents-in-suit should be declared to be not infringed, invalid, and unenforceable.

      C.      Names of Parties That Have Not Been Served.  None.

      D.      Major Legal Issues (or Mixed Issues of Fact and Law).

            1.      What is the proper construction of the claims of the patents-in-suit?

               -   Plaintiffs do not believe there are any claim construction issues.

               -   Defendants believe there are claim construction issues to resolve.

            2.      Are the claims of the patents-in-suit invalid as obvious over the prior art?

            3.      Are the claims of the patents-in-suit invalid for double patenting?

            4.      Are the claims of the patents-in-suit invalid for improper inventorship?

            5.      Are the claims of the patents-in-suit invalid for failure to comply with 35 U.S.C. § 112?

            6.      Whether claim preclusion bars the recovery Plaintiffs seek.

            7.      Whether Plaintiffs' patent rights have been exhausted.

      E.      Major Factual Issues.

            1.      Does the accused device infringe the patents-in-suit?

            2.      If so, did Defendants act willfully in infringing Plaintiffs' patents?

            3.      Do Defendants have a license to the patents-in-suit?

4.      Are the patents-in-suit invalid as anticipated by the prior art?

5.      If there is infringement of a valid and enforceable patent, what damages, if any, are owed as a result of the infringement?

6.      What is the proper scope and content of the prior art?

7.      What is the proper level of ordinary skill in the art?

8.      What are the differences, if any, between the prior art and the claims of the patents-in-suit?

9.      Whether any references were withheld and/or mischaracterized by Plaintiffs during the prosecution of the patents-in-suit, and if so, were those references material to patentability, and if so did Plaintiffs' have intent in withholding and/or mischaracterizing such references?

10.      Whether this case is exceptional, warranting an award of either Plaintiffs' or Defendants' attorneys' fees?  Plaintiffs contend that this is a legal issue.  Defendants contend that this is a factual issue.

F.      Major Equitable Issues.

1.      Whether Plaintiffs' claims are barred by laches.

2.      Whether Plaintiffs' claims are barred by waiver.

3.      Whether Plaintiffs' claims are barred by unclean hands.

4.      Whether Plaintiffs' claims are barred by estoppel.

5.      Whether Plaintiff has committed patent misuse by instituting this action.

6.      Whether the patents in suit are unenforceable due to inequitable conduct.

G.      Relief Requested.

1.     Baxter seeks a preliminary and permanent injunction preventing Defendants from infringing the '730, '680, '892, and '340 Patents, damages for past infringement, treble damages under 35 U.S.C. § 284, prejudgment interest and costs under 35 U.S.C. §§ 284 and 289, and attorney's fees under 35 U.S.C. § 285.

2.     Fresenius seeks a declaration that it has not infringed, and is not infringing, any claim of the '730, '680, '892 or '340 patents.  Fresenius further seeks a declaration that the claims of the '730, '680, '892 and '340 patents are invalid and unenforceable.  Fresenius seeks a permanent injunction preventing the Plaintiffs from charging that the patents-in-suit are infringed by Fresenius.  Fresenius also seeks an award of its reasonable attorneys' fees and costs.

## II.     Proposed Discovery Plan.

The parties disagree as to when discovery should begin.   Plaintiffs seek to begin immediately.   Defendants are filing a Motion to Stay proceeding pending reexamination of Baxter's patents, and contend that discovery should not proceed during the pendency of that Motion.

A.     Timing of Initial Disclosures.

Plaintiffs propose to exchange initial disclosures by August 26, 2008.

Defendants propose to exchange initial disclosures within one week of this Court's ruling on their Motion to Stay, in the event such motion is denied.

B.     Discovery Plan.

1.     Changes in Timing, Form, or Requirements of Rule 26(a) disclosures:

- As to timing, please see above.

- For individuals, if the individual is an employee of a party, Defendants

propose that the contact information be indicated as "care of" the

appropriate party.

- For other individuals, Defendants propose that the person's business

address, if known, be used instead of their residence address.

- Defendants object to providing initial disclosures until there is a ruling

on their Motion to Stay, as set forth above.

    2.    Subjects on Which Fact Discovery May Be Needed.

Plaintiffs contend that discovery will be needed regarding Fresenius' 2008K hemodialysis machine and the alleged infringement of the '730, '680, '892, and '340 Patents. In addition, discovery will be needed regarding Fresenius' sales of the 2008K and disposable products used with the alleged infringing machine and the harm to Baxter from Fresenius' infringement, and if Fresenius infringed whether the infringement was willful. Discovery will also be needed regarding Fresenius' attempts to "design around" the patents-in-suit.

Defendants disagree with Plaintiffs' characterization of needed discovery. Defendants contend that discovery will be needed on ownership of the patents in suit; inventorship of the patents-in-suit; conception and reduction to practice of the patents-in-suit; the scope and content of the prior art; differences between the prior art and the claims of the patents-in-suit; proper interpretation of the claims of the patents-in-suit, including extrinsic evidence such as currently pending reexaminations and Federal Circuit appeal proceedings; proceedings before the United States Patent and Trademark Office that led to the issuance of the patents-in-suit – including the materiality of the references withheld and/or mischaracterized by Baxter and Baxter's intent in withholding and/or mischaracterizing those references; differences between the patents-in-suit and

5

the patents involved in prior litigation between the parties, if any; Baxter's knowledge of the prior art; Baxter's knowledge of and use of materials produced in prior litigation between the parties; Baxter's delay in prosecuting the patents-in-suit; Baxter's ability to assert the patents-in-suit in prior litigation between the parties; the reasons for Baxter's failure to assert the patents in prior litigation; Baxter's intent in misusing the patents-in-suit; Baxter's treatment of the patents-in-suit in relation to the patents asserted in previous litigation between the parties; Baxter's device(s), if any, alleged to "embody" the asserted claims of the patents-in-suit; Baxter's licensing practices and Baxter's investment in the market for dialysis, including hemodialysis and peritoneal dialysis equipment and supplies; Baxter's financial records, including sales, costs and profitability, including but not limited to the renal care field; the reasons for Baxter's exit of the hemodialysis market; the relationship and license agreements between the parties' predecessors-in-interest; settlement of prior litigation between the parties' predecessors; Baxter's patent portfolio; other cases that have involved Baxter's patents; Baxter's history in the field of healthcare, including dialysis; Baxter's relationship with Deka Research and Development; products developed by Deka; Baxter's acquisitions in the field of healthcare; Baxter's conduct and intentions in connection with prior settlement discussions, including in 2002 and 2003; the appeal of prior litigation between the parties; and reexamination of the patents asserted in both this case and in prior litigation between the parties.

3.     Issues Regarding the Disclosure or Discovery of Electronically Stored Information.

The parties agree to produce materials in either PDF or TIFF format and that materials may be requested in their native format upon a showing of information needed or expected to be discovered for each such request.

4.     Issues Regarding Any Claims of Privilege.

Baxter proposes that the parties exchange privilege logs ninety (90) days after document production is complete due to the volume of documents from the previous litigation between the parties that may need to be logged.

Fresenius proposes that the parties exchange privilege logs on a rolling basis within thirty (30) days after production of related non-privileged documents.

     5.     Changes to Discovery Plan.

     a.     Interrogatories.  The parties agree that each side shall be permitted twenty-five (25) interrogatories to be served upon the other side.

     b.     Requests for Production.  The parties agree that no modifications should be made to the discovery procedures and requirements set forth in the Federal Rules of Civil Procedure for the number of document requests.

     c.     Requests for Admission.  Baxter proposes that Requests for Admission be unlimited.  Fresenius proposes that Requests for Admission be limited to one-hundred (100) per side.

     d.     Fact Depositions.  Baxter proposes the parties be limited to ten (10) fact depositions per side.  Fresenius proposes that the parties be limited to twenty (20) fact depositions per side, and be allowed to seek additional fact depositions upon a showing of good cause.

     6.     Protective Order.

The parties agree that a protective order will be necessary and expect to present an agreed protective order to the Court.  The parties intend to base this protective order on a protective order being used in concurrent litigation between the parties in the Northern District of California (SF

7

Division), with appropriate modifications to account for practice in this District and also to tailor the protective order to the specific needs of this case.

       7.     Expert Discovery.

       a.     Reports Based on Court's Claim Construction.

       - Baxter proposes that expert discovery should follow fact discovery.  If the Court's claim construction does not occur before expert discovery is completed, then Baxter proposes that the experts be permitted to issue a supplemental report limited to issues raised by the Court's claim construction ruling.

       - Fresenius proposes that there be a single round of expert discovery following the Court's claim construction.

       b.     Expert Depositions.  The parties agree that each expert may be deposed.  In the event that there is  any supplemental expert discovery, the parties agree that each expert may be deposed again, but only on issues raised in any supplemental report.

       8.     Schedule for the Case.

The parties have conferred regarding the schedule for the case.  The parties agree with respect to the duration of most of the discovery activities.  However, the parties disagree on a proposed schedule, and Fresenius has stated in open Court that it will seek a stay in this case pending reexamination of the patents-in-suit.  Subject to the Court's ruling on the Motion to Stay, each party's proposed schedule is set forth separately below.

**Proposed Schedules.**

| EVENT | BAXTER'S PROPOSED DATES | FRESENIUS' PROPOSED DATES |
|---|---|---|
| Exchange of Rule 26(a)(1) Disclosures | August 26, 2008 | 1 week after the Court's ruling on Fresenius' Motion to Stay (if denied) |
| Deadline to Join Parties and Amend Pleadings | 4 months after start of fact discovery | 4 months after start of fact discovery |
| Close of Fact Discovery | May 13, 2009 (9 months) | 9 months after start of fact discovery |
| Markman Issues | Baxter does not believe a formal *Markman* hearing is necessary in this case given the previous dispute between the parties and the claim construction orders entered in that case, and Fresenius' previous stipulation of infringement of common claim elements. However, to the extent there are any claim construction issues, they can be decided by summary judgment briefing or on a schedule to be set by the Court after discovery closes. | Whether or not a formal *Markman* hearing is conducted, Fresenius believes that the Court must construe the claims of the patents-in-suit. Regarding the previous claim constructions and previous stipulation that Baxter refers to, such claim constructions and stipulation related to different patents in another case, and do not apply to this case. Fresenius proposes that the Court conduct its claim construction after the close of fact discovery, and prior to expert discovery so that there need only be a single round of expert discovery. |
| Principal Expert Reports Due | June 12, 2009 (1 month) | 1 month after Court issues its claim construction |
| Rebuttal Expert Reports Due | July 13, 2009 (1 month) | 1 month after Principal Expert Reports |
| Reply Expert Reports | Plaintiffs do not believe Reply Expert Reports are needed. | 1 month after Rebuttal Expert Reports |
| Close of Expert Discovery | August 13, 2009 (1 month) | 2 months after Reply Expert Reports |

| Deadline for Dispositive Motions | September 18, 2009 (1 month) | 1 month after Close of Expert Discovery |
|---|---|---|
| Second Round of Expert Discovery (in the event that Court does not construe claim terms earlier). | One month following any *Markman* Order. | In the event there is a second round of expert discovery, Fresenius proposes the same timing and sequence of expert discovery events set forth above. |

**III.    Trial Status.**

        A.     Baxter proposes that this case will be trial ready by December 2009 and that trial would last approximately one week.

        B.     Fresenius proposes that this case will be trial ready two months after the Court issues its ruling on dispositive motions, and, subject to further rulings in the case, presently believes that trial would last approximately two weeks.

**IV.    Consent to Proceed Before A Magistrate Judge.**

        The parties have agreed to proceed before the Honorable Judge Blanche M. Manning.

**V.    Settlement Status.**

        The parties are involved in two separate lawsuits involving other patents.  One of those cases is currently on appeal before the United States Court of Appeals for the Federal Circuit.  That appeal has been referred to the Federal Circuit's Mediation Program.  Thus, the parties agree that any settlement discussions for this dispute, at least at this time, are best handled through the Federal Circuit's Mediation program in connection with that appeal.

Baxter International, Inc. and
Baxter Healthcare Corporation

By: _s/Sanjay K. Murthy_
        One of Their Attorneys

Michael J. Abernathy
Sanjay K. Murthy
Brian J. Arnold
Marron A. Mahoney
BELL, BOYD & LLOYD LLP
70 West Madison Street
Suite 3100
Chicago, Illinois
(312) 372-1121

Fresenius Medical Care Holdings, Inc. and
Fresenius USA, Inc.

By: _s/ Eric A. Sacks w/ express permission_
        One of Their Attorneys

Juanita Brooks
(admitted pro hac vice)
Albert R. Ubieta
(admitted pro hac vice)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA  92130
(858) 678-5070

Thomas M. Melsheimer
(admitted pro hac vice)
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX  75201
(214) 747-5070

Michael E. Florey
(admitted pro hac vice)
FISH & RICHARDSON P.C.
60 South Sixth Street
Minneapolis, MN  55402
(612) 335-5070

Mark J. Hebert
(pro hac vice application to be submitted)
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA  02110
(617) 542-5070

Jerold S. Solovy
Eric A. Sacks
Terrence J. Truax
Andrew W. Vail
JENNER & BLOCK LLP
330 N. Wabash Ave.
Chicago, Illinois 60611
(312) 222-9350

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 12, 2008 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Fed. R. Civ. P. 5(b)(3). Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

Dated: August 12, 2008

Respectfully submitted,

By: */s Sanjay K. Murthy*